**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS GARCIA SERRANO; MARGARITA VILLA; et al., | No. 07-73696 |
| Petitioners, | Agency Nos. A096-133-399 |
| | A096-133-398 |
| v. | A096-133-397 |
| | A096-133-396 |
| ERIC H. HOLDER Jr., Attorney General, | |
| | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jose Luis Garcia Serrano, his wife, Margarita Villa, and their daughters,

natives and citizens of Mexico, petition for review of an order of the Board of

Immigration Appeals ("BIA") denying their motion to reopen removal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact regarding counsel's performance, *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004), we review for abuse of discretion the BIA's denial of a motion to reopen, and we review de novo claims of due process violations in removal proceedings, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

The evidence of the psychologist's 2007 report regarding Garcia's son's educational and psychological progress that Garcia presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602-03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (internal quotations and brackets omitted).

We also lack jurisdiction to review any challenge to the immigration judge's denial of relief to Garcia's two daughters because Garcia failed to raise any such challenge before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review contentions not raised before the agency).

Substantial evidence supports the BIA's conclusion that Garcia did not establish that prior counsel's performance "was so inadequate that it may have affected the outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003) (internal quotation omitted). The BIA therefore did not abuse its discretion by denying the motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**